IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) ROSE BOEHS, )
by and through Renee Heflin, Marlinda Lamle, )
and Desiree Selby as her next of friends )
and attorneys-in-fact; )
(2) FREIDA SMITH, )
by and through Tina Hess as her )
next of friend and attorney-in-fact; )
(3) RALPH GERDES, )
by and through Janet Gerdes and )
Greg Gerdes as his next of friends )
and attorneys-in-fact; )
(4) DORIS JENLINK, )
by and through Ronald Jenlink as her )
next of friend and attorney-in-fact; )
)
                Plaintiffs, )
)
vs. )   Case No. CIV-24-982-JD
)
(5) JEFFREY CARTMELL, Director of )
Oklahoma Department of Human Services, )
in his official capacity; )
(6) ELLEN BUETTNER, CEO/Director of )
Oklahoma Health Care Authority, in her )
official capacity; )
)
                Defendants. )

## COMPLAINT

This is a civil action for declaratory and injunctive relief and money damages pursuant to 42 U.S.C. § 1983 and § 1988. Plaintiffs, Rose Boehs, Freida Smith, Ralph Gerdes, and Doris Jenlink (collectively referred to as "**Plaintiffs**") are individuals who applied for Medicaid benefits and are being improperly denied benefits. Plaintiffs seek injunctive and declaratory relief against Defendants, Jeffrey Cartmell (**"Cartmell"**) in his

1

official capacity as Director of the Oklahoma Department of Human Services (**"OKDHS"**) and Ellen Buettner (**"Buettner"**) in her official capacity as CEO/Director of the Oklahoma Health Care Authority (**"OHCA"**) requiring OKDHS and OHCA to determine Plaintiffs are eligible for Medicaid benefits.

Defendants' failure or refusal to determine Plaintiffs eligible for Medicaid benefits violates federal rights guaranteed to Plaintiffs and enforceable by Plaintiffs pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 1396a(a)(8); 42 C.F.R. § 435.912; 42 C.F.R. § 435.907(e)(1); Shanks-Marrs v. Lake, 2013 U.S. Dist. LEXIS 188627, *6-7 (W.D. Okla. June 14, 2013); Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021); Gragert v. Hendrick, 2014 U.S. Dist. LEXIS 8771, *8 (W.D. Okla. Jan. 24, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674, *17-18 (W.D. Okla. June 30, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916, *17-18 (W.D. Okla. Aug. 22, 2014) and Ansley v. Lake, 2016 U.S. Dist. LEXIS 30014, *11 (W.D. Okla. Mar. 9, 2016). Plaintiffs challenge Defendants' actions or inactions as detailed below.

The federal Medicaid law entitling Plaintiffs to Medicaid benefits is clearly established in 42 U.S.C. § 1396p(c)(1)(I) and in the cases of Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021); Shanks-Marrs v. Lake, 2013 U.S. Dist. LEXIS 188627, *6-7 (W.D. Okla. June 14, 2013); Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013); Gragert v. Hendrick, 2014 U.S. Dist. LEXIS 8771 (W.D. Okla. Jan. 24, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916 (W.D. Okla. Aug. 22, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674 (W.D. Okla. June 30, 2014); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030

(W.D. Okla. Mar. 21, 2013) (later vacated as being mute) and Harper v. Okla. ex rel. Okla. Dep't of Human Serv's, 2011 U.S. Dist. LEXIS 157628 (W.D. Okla. Mar. 22, 2011).

PARTIES

1. Plaintiff Rose Boehs is an 86-year-old resident[1] of Fairview, Major County, Oklahoma who applied for benefits under Oklahoma's medical assistance program, pursuant to 42 U.S.C. § 1396 et seq. Renee Heflin, Marlinda Lamle, and Desiree Selby are Plaintiff Boehs' acting attorneys-in-fact pursuant to a power of attorney executed by the Plaintiff. (See, Durable Power of Attorney, attached hereto as **Exhibit 1**.)

2. Plaintiff Freida Smith is an 85-year-old resident[2] of Fairview, Major County, Oklahoma who applied for benefits under Oklahoma's medical assistance program, pursuant to 42 U.S.C. § 1396 et seq. Tina Hess is Plaintiff Smith's acting attorney-in-fact pursuant to a power of attorney executed by the Plaintiff. (See, Durable Power of Attorney, attached hereto as **Exhibit 2**.)

3. Plaintiff Ralph Gerdes is an 81-year-old resident of Alva, Woods County, Oklahoma who applied for benefits under Oklahoma's medical assistance program, pursuant to 42 U.S.C. § 1396 et seq. Janet Gerdes and Greg Gerdes are Plaintiff Gerdes' acting attorneys-in-fact pursuant to a power of attorney executed by the Plaintiff. (See, Durable Power of Attorney, attached hereto as **Exhibit 3**.)

---

[1] Ms. Boehs turns 87 later this year.
[2] Ms. Smith turns 86 later this year.

4. Plaintiff Doris Jenlink is a 99-year-old resident[3] of Alva, Woods County, Oklahoma who applied for benefits under Oklahoma's medical assistance program, pursuant to 42 U.S.C. § 1396 et seq.  Ronald Jenlink is Plaintiff Jenlink's acting attorney-in-fact pursuant to a power of attorney executed by the Plaintiff.  (See, Durable Power of Attorney, attached hereto as **Exhibit 4**.)

5. Defendant Cartmell is Director of OKDHS.  Cartmell is sued in his official capacity.  As Director of OKDHS, Cartmell has a duty to ensure the State of Oklahoma's federally funded Medicaid program is administered in accordance with federal and state law.

6. Defendant Ellen Buettner is CEO of the OHCA.  Buettner is sued in her official capacity.  As CEO of OHCA, Buettner has the duty to ensure the State of Oklahoma's federally funded Medicaid program is administered in accordance with federal and state law.

JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

8. Pursuant to 28 U.S.C. §1343(a)(4), this Court is authorized to enter judgment for violations of 42 U.S.C. §1983 and §1988.

9. This Court is authorized to grant injunctive relief pursuant to 28 U.S.C. § 2202.

---

[3] Ms. Jenlink turns 100 later this year.

10. Venue is proper in this Court under 28 U.S.C. §1391(e)(1) as Plaintiffs reside in this District and the events giving rise to the claims contained herein occurred in this District.

## LEGAL ALLEGATIONS

11. Title XIX of the Social Security Act is codified at 42 U.S.C. § 1396 et seq. and governs the federal Medicaid program. It authorizes the establishment by states of medical assistance programs for individuals who meet certain eligibility requirements. These programs are jointly funded by the federal and state governments and are designed by states within the framework of options and requirements established under the Medicaid statute.

12. Pursuant to the federal statutory scheme, "all individuals wishing to make application" for Medicaid benefits "shall have the opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 1396a(a)(8).

13. 42 C.F.R. § 435.912(a)(1) provides, "[t]imeliness standards refer to the maximum period of time in which every applicant is entitled to a determination of eligibility, subject to the exceptions in paragraph (e) of this section."

14. 42 C.F.R. § 435.912(b)(1) states, "[t]he agency must establish in its State plan timeliness and performance standards for, promptly and without undue delay determining eligibility for Medicaid for individuals who submit applications to the single State agency of its designee..."

15. 42 C.F.R. § 435.912(c)(3)(ii) says, "[e]xcept as provided in paragraph (e) of this section, the determination of eligibility for any applicant may not exceed forty-five days for all other applicants."

16. 42 C.F.R. § 435.912(e) provides, "[t]he agency must determine eligibility within the standards except in unusual circumstances, for example – (1) When the agency cannot reach a decision because the applicant or an examining physician delays or fails to take a required action, or (2) When there is an administrative or other emergency beyond the agency's control."

17. 42 C.F.R. § 435.907(e) provides, "[t]he agency may only require an applicant to provide the information necessary to make an eligibility determination or for a purpose directly connected to the administration of the State plan."

18. 42 C.F.R. § 435.912(g) states, "[t]he agency must not use the time standards – (1) As a waiting period before determining eligibility; or (2) As a reason for denying eligibility (because it has not determined eligibility within the time standards)."

19. In interpreting this statute and its related regulations, the District Court for the Western District of Oklahoma stated, "[n]onetheless, the statute and regulation are clear that delay should be the exception and not the rule. The court therefore concludes a rebuttable presumption of a violation of the reasonable promptness requirement occurs when the agency fails to issue an eligibility decision within 45 days of the date of the application. In those instances, the burden of production and proof shifts to the agency to establish that one of the two exceptions to the 45-day limit applies." Shanks-Marrs, 2013 U.S. Dist. LEXIS 188627 at *7-8.

## FACTUAL ALLEGATIONS

## ROSE BOEHS

20. Plaintiff Boehs is a widow with three adult children being Renee Heflin, Marlinda Lamle, and Desiree Selby.

21. Plaintiff Boehs entered the Fairview Fellowship Home on February 22, 2023. She is physically incapable of caring for herself.

22. Plaintiff Boehs applied for Medicaid benefits on or about October 30, 2023, and has not received a decision from OKDHS regarding her application for eligibility for Medicaid benefits (more than 324 days after applying for Medicaid). (See, Plaintiff Boehs' Request for Assessment, Request for Benefits, Eligibility Information for Benefits, and Rights, Responsibilities, and Signature for Benefits (along with relevant attachments) attached hereto as **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, and **Exhibit 8**).

23. OKDHS issued an ADM-92 requesting additional information to which Plaintiff Boehs has responded. (See, ADM-92 dated 06/13/24 and Response attached hereto as **Exhibit 9** and **Exhibit 10**.)

24. OKDHS has not requested Plaintiff Boehs provide any additional information.

25. After responding to OKDHS' ADM-92, Plaintiff requested updates as to the status of her application on August 8, 2024, and September 5, 2024. OKDHS failed to respond to both requests. (See, Emails to OKDHS attached hereto as **Exhibit 11.)**

26. OKDHS and OHCA have failed or refused to take any additional action on Plaintiff Boehs's Medicaid application.

27. As of the date of her application, Plaintiff Boehs met the financial eligibility requirements for Medicaid; and therefore, is eligible to be a Medicaid beneficiary as of that date.

## FREIDA SMITH

28. Plaintiff Freida Smith is a widow with one adult child being Tina Hess.

29. Plaintiff Smith lives in Fairview, Oklahoma with her daughter Tina Hess. She is physically incapable of caring for herself.

30. Plaintiff Smith applied for Medicaid benefits on or about April 19, 2024, and has not received a decision from OKDHS regarding her application for eligibility for Medicaid benefits (more than 153 days after applying for Medicaid). (See, Plaintiff Smith's Request for Assessment, Request for Benefits, Eligibility Information for Benefits, and Rights, Responsibilities, and Signature for Benefits (along with relevant attachments) attached hereto as **Exhibit 12**, **Exhibit 13**, and **Exhibit 14**).

31. OKDHS issued an ADM-92 requesting additional information to which Plaintiff Smith has responded. (See, ADM-92 dated 05/16/24 and Response attached hereto as **Exhibit 15** and **Exhibit 16**.)

32. OKDHS has not requested Plaintiff Smith provide any additional information.

33. After responding to OKDHS' ADM-92, Plaintiff requested updates as to the status of her application on July 1, 2024, July 24, 2024, August 8, 2024, and September 5, 2024. OKDHS failed to respond to these requests. (See, Emails to OKDHS attached hereto as **Exhibit 17**, **Exhibit 18**, **Exhibit 19**, and **Exhibit 20**).

34. OKDHS and OHCA have failed or refused to take any additional action on Plaintiff's Medicaid application.

35. As of the date of her application, Plaintiff Smith met the financial eligibility requirements for Medicaid; and therefore, is eligible to be a Medicaid beneficiary as of that date.

RALPH GERDES

36. Plaintiff Ralph Gerdes is married to Mary Gerdes. They have two children: Janet Gerdes and Greg Gerdes.

37. Plaintiff Gerdes is physically incapable of caring for himself and entered Beadles nursing home on May 10, 2023.

38. Plaintiff Gerdes applied for Medicaid benefits on or about July 1, 2024, and has not received a decision from OKDHS regarding his application for eligibility for Medicaid benefits (more than 81 days after applying for Medicaid). (See, Plaintiff Gerdes' Request for Assessment, Request for Benefits, Eligibility Information for Benefits, and Rights, Responsibilities, and Signature for Benefits (along with relevant attachments) attached hereto as **Exhibits 21**, **Exhibit 22**, **Exhibit 23**, and **Exhibit 24**).

39. OKDHS received Plaintiff Gerdes' application for Medicaid benefits on July 16, 2024. (See, see Green Card and USPS Tracking attached hereto as **Exhibit 25** and **Exhibit 26**).

40. After receiving Plaintiff Gerdes' application for Medicaid benefits, OKDHS lost his application and did not even begin to process his application for at least forty-five

(45) days.   (See, **Exhibit 27**, **Exhibit 28**, **Exhibit 29**, **Exhibit 30**, and **Exhibit 31** attached, containing email correspondence showing OKDHS had not even begun to "process" the application on August 30, 2024, after receiving the application on July 16, 2024).

41. As of the date of his application, Plaintiff Gerdes met the financial eligibility requirements for Medicaid; and therefore, is eligible to be a Medicaid beneficiary as of that date.

## DORIS JENLINK

42. Plaintiff Doris Jenlink is a widow with two adult children: Ronald Jenlink and Carolyn Allen.

43. Plaintiff Jenlink is physically incapable of caring for herself and entered Beadles nursing home on November 3, 2023.

44. Plaintiff Jenlink applied for Medicaid benefits prior to February 2, 2024, and has not received a decision from OKDHS regarding her application for eligibility for Medicaid benefits (more than 231 days after applying for Medicaid).

45. OKDHS issued several requests (ADM-92) for additional information to which Plaintiff Jenlink has responded. (See, first ADM-92 received, dated 02/17/24 and last ADM-92 received dated 8/29/2024, attached hereto as **Exhibit 32** and **Exhibit 33**).

46. Plaintiff Jenlink has responded to all requests for additional information from OKDHS.  Plaintiff Jenlink even conceded to an eleven (11) day penalty on benefits to expedite her approval,  yet as of the date of this filing, OKDHS has not made a

decision as to Plaintiff Jenlink's application for Medicaid benefits. (See, email attached hereto as **Exhibit 34**).

47. OKDHS and OHCA have failed or refused to take any additional action on Plaintiff's Medicaid application.

48. As of the date of her application, Plaintiff Jenlink met the financial eligibility requirements for Medicaid; and therefore, is eligible to be a Medicaid beneficiary as of that date.

COUNT I
VIOLATION OF 42 U.S.C. § 1396a(a)(8) AS DEFINED BY 42 C.F.R. § 435.912

49. Plaintiffs incorporate and restate each of the above paragraphs as if fully set forth herein.

50. No state court action is pending related to this matter.

51. Plaintiffs are eligible and qualify for Medicaid benefits.

52. Defendants have deprived Plaintiffs of their federal statutory rights by failing and refusing to provide Plaintiffs with Medicaid benefits with reasonable promptness pursuant to 42 U.S.C. § 1396a(a)(8) and as defined by 42 C.F.R. §435.912.

53. Defendants have further deprived Plaintiffs of their federal statutory rights by failing and refusing to act on Plaintiffs' applications for Medicaid benefits within forty-five (45) days after the filing of their application as provided in 42 C.F.R. §435.912.

54. Defendants' failures and refusals directly violate 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435.912.

55. Defendants have acted under color of state law when depriving Plaintiffs of their federal rights.

56. As a direct and proximate result of the Defendants' violation of the Plaintiffs' federal statutory rights, Plaintiffs have sustained injuries and damages.

## COUNT II
## PRELIMINARY AND PERMANENT INJUNCTION

57. Plaintiffs incorporate and restate each of the above paragraphs as if fully set forth herein.

58. Plaintiffs are without sufficient income or resources to pay for their current nursing home or at home care.

59. Although Plaintiffs are eligible for Medicaid benefits, Defendants have refused to determine them eligible, place them in Medicaid pay status and provide Medicaid benefits.

60. Defendants' actions result in ongoing irreparable injury to Plaintiffs.

61. Without Medicaid benefits, Plaintiffs face termination of personal care, medical care, shelter, food, and related necessary services.

62. The benefits to Plaintiffs if a preliminary injunction is issued requiring the Defendants to pay Medicaid benefits to the Plaintiffs outweigh any damage that may be caused to the Defendants by said issuance.

63. The public interest favors administering care to elderly individuals who are otherwise unable to provide for their own basic needs.

64. Plaintiffs are substantially likely to prevail on the merits of their claims as Defendants have blatantly and flagrantly violated 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435.912.

## CONCLUSION

WHEREFORE, premises considered, Plaintiffs requests this Court grant the following relief:

A. Enter preliminary and permanent injunctions ordering Defendants to cease denying Medicaid coverage to Plaintiffs and ordering Defendants to certify Plaintiffs eligible for Medicaid benefits effective as of the dates contained herein;

B. Enter preliminary and permanent injunctions ordering Defendants to pay Medicaid benefits for Plaintiffs effective as of the dates contained herein;

C. Enter preliminary and permanent injunctions ordering Defendants to evaluate Medicaid applications within forty-five (45) days after receiving Medicaid applications;

D. Order the relief awarded herein be, at minimum, effective as of the first day of the third month before the month in which Plaintiffs applied for Medicaid benefits in accordance with 42 U.S.C. § 1396a(a)(34);

E. Grant Plaintiffs all attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

F. Order any and all other relief deemed just and equitable.

Respectfully submitted,

/s/ Michael Craig Riffel
Michael Craig Riffel, OBA #16373
Katresa J. Riffel, OBA #14645
Matthew C. Russell, OBA #30239
Riffel, Riffel & Benham, P.L.L.C.
3517 Owen K. Garriott, Suite One
Enid, Oklahoma 73703
Telephone: (580) 234-8447
Facsimile: (580) 234-5547
criffel@westoklaw.com
kriffel@westoklaw.com
mrussell@westoklaw.com
Attorneys for Plaintiffs