IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINA HESS, as next of friend and attorney-in-fact for Freida Smith; JANET GERDES and GREG GERDES, as next of friends and attorneys-in-fact for Ralph Gerdes; RONALD JENLINK, as next of friend and attorney-in-fact for Doris Jenlink,<br><br>    Plaintiffs,<br><br>v.<br><br>JEFFREY CARTMELL, Director of Oklahoma Department of Human Services, in his official capacity; ELLEN BUETTNER, CEO/Director of Oklahoma Health Care Authority, in her official capacity,<br><br>    Defendants. | Case No. CIV-24-00982-JD |

## ORDER

Before the Court is the Joint Motion to Dismiss Plaintiffs' Amended Complaint ("Motion") filed by Defendants Jeffrey Cartmell and Ellen Buettner (collectively, "Defendants"). [Doc. No. 19]. Plaintiffs Tina Hess, Janet Gerdes, Greg Gerdes, and Ronald Jenlink (collectively, "Plaintiffs") filed a Response. [Doc. No. 22].[1] Defendants did not file a reply. For the reasons outlined below, the Court denies the Motion.

---

[1] Renee Heflin, Marlinda Lamle, and Desiree Selby, as next of friends and attorneys-in-fact for Rose Boehs, voluntarily dismissed Boehs's claim without prejudice. [Doc. No. 23].

I.  **BACKGROUND**

Taking the well-pled factual allegations as true and in the light most favorable to Plaintiffs as the non-moving parties, Plaintiffs are individuals who applied for Medicaid benefits. [Doc. No. 11 at 1].[2]

Plaintiff Tina Hess brings this suit on behalf of Freida Smith. [*Id.* ¶ 2]. Smith applied for Medicaid benefits around April 19, 2024, and has yet to receive a decision. [*Id.* ¶ 31]. On May 16, 2024, the Oklahoma Department of Human Services ("OKDHS") issued an ADM-92 requesting additional information to which Smith responded on May 28, 2024. [*Id.* ¶ 32]. Plaintiffs state that OKDHS has not requested additional information from Smith. [*Id.* ¶ 33].

Plaintiffs Janet Gerdes and Greg Gerdes bring this suit on behalf of Ralph Gerdes. [*Id.* ¶ 3]. Ralph Gerdes applied for Medicaid benefits around July 1, 2024, and has yet to receive a decision. [*Id.* ¶ 39]. After receiving Ralph Gerdes's application for Medicaid benefits, OKDHS lost his application and did not process his application for at least forty-five days. [*Id.* ¶ 41].

Plaintiff Ronald Jenlink brings this suit on behalf of Doris Jenlink. [*Id.* ¶ 4]. Doris Jenlink applied for Medicaid benefits before February 2, 2024, and did not receive a decision regarding her benefits until September 26, 2024. [*See id.* ¶ 46, Doc. No. 19 at 7,

---

[2] The Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

2

Doc. No. 22 at 15–16].³ Plaintiffs state that Doris Jenlink responded to all requests for information from OKDHS. [Doc. No. 11 ¶ 48].⁴

Plaintiffs bring this case pursuant to 42 U.S.C. §§ 1983 and 1988. [Doc. No. 11 at 1]. Plaintiffs allege a single claim that Defendants have violated 42 U.S.C. § 1396a(a)(8), as defined by 42 C.F.R. § 435.912, by failing to respond to Plaintiffs' applications for Medicaid benefits with reasonable promptness. [*Id.* ¶¶ 51–60]. Plaintiffs seek damages, a preliminary injunction, and injunctive relief. [*Id.* at 1, 12–14]. Plaintiffs request preliminary and permanent injunctions ordering Defendants to cease denying Medicaid coverage to Plaintiffs and ordering Defendants to certify Plaintiffs eligible for Medicaid benefits, ordering Defendants to pay Medicaid benefits for Plaintiffs, and ordering Defendants to properly evaluate Plaintiffs' Medicaid applications. [*Id.* at 14].

Defendants moved to dismiss Plaintiffs' claim on the following grounds. First, Defendants argue that Plaintiffs fail to state a claim under 42 U.S.C. § 1396a(a)(8) because Defendants' failure to reply to Plaintiffs' applications with reasonable promptness is attributable to Plaintiffs' failure to respond to requests for information.

---

³ At the time of filing Plaintiffs' original complaint [Doc. No. 1], Doris Jenlink had not received a decision regarding her Medicaid benefits and subsequently received one. [*See* Doc. No. 11 ¶ 46; Doc. No. 19 at 7; Doc. No. 22 at 15–16].

⁴ In addition to the factual allegations outlined herein, Defendants make allegations regarding Plaintiffs' eligibility for Medicaid benefits based upon transfers of property during the lookback period prior to their applications for benefits. [*See* Doc. No. 19 at 6–8]. The Court does not include these allegations in the background because the Court's role upon a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to determine if the complaint contains sufficient factual allegations to state claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[Doc. No. 19 at 9–11]. Second, Defendants attack the relief sought by Plaintiffs in their complaint. Specifically, they argue that the Court must dismiss Plaintiffs' claim for monetary damages because Defendants are immune to claims for monetary damages, and argue that Plaintiffs are not entitled to a preliminary injunction. [*Id.* at 11–14].

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (citation omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under this standard, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth, and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Courts dismiss claims under Rule

12(b)(6) "if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

### III.   ANALYSIS

   **A.   Plaintiffs have stated a claim for a violation of 42 U.S.C. § 1396a(a)(8), as defined by 42 C.F.R. § 435.912.**

The Court turns first to Defendants' argument that Plaintiffs have failed to state a claim for a violation of 42 U.S.C. § 1396a(a)(8), as defined by 42 C.F.R. § 435.912, because Defendants' failure to respond with reasonable promptness is attributable to Plaintiffs' failure to respond to requests for information. [Doc. No. 19 at 9–11].

The law requires promptness in Medicaid eligibility determinations. Section 1396a(a)(8) provides:

> A State plan for medical assistance must . . . provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals . . . .

In other words, the statute requires reasonable promptness to "eligible individuals." 42 U.S.C. § 1396a(a)(8). Reasonable promptness is further expounded upon in 42 C.F.R. § 435.912 which, in relevant part, states:

> Except as provided in paragraph (e) of this section, the determination of eligibility for any applicant . . . may not exceed . . . 45 days for all other applicants. . . .
>
> The agency must determine eligibility . . . within the standards except in unusual circumstances, for example—
>
> (1) When the agency cannot reach a decision because the applicant . . . or an examining physician, delays or fails to take a required action; or

> (2) When there is an administrative or other emergency beyond the agency's control.

42 C.F.R. § 435.912(c)(3)(ii), (e).

Defendants assert that their failure to respond with reasonable promptness, which here is forty-five days, falls within the exception outlined in § 435.912(e)(1) because Plaintiffs have failed to take required actions. [Doc. No. 19 at 10 ("[C]ounsel for the Plaintiff[s] failed or refused to provide necessary information and documentation for an eligibility determination. This clearly meets the requirement 42 C.F.R. § 435.912(e)(1) because the agency could not reach a decision because the Plaintiffs failed or refused to take required action.")]. However, Plaintiffs allege that they have responded to all requests for information and have no outstanding requests for information. [*See* Doc. No. 11 ¶¶ 32, 33, 42, 47, 48, 54].

The Court's role upon a motion to dismiss under Rule 12(b)(6) is to consider whether the facts as alleged in the pleading state a claim upon which relief can be granted. *Peterson*, 594 F.3d at 727. In executing this role, the Court must accept all well-pled factual allegations as true. *Id.* Accepting as true Plaintiffs' factual allegations that they have complied with Defendants' requests for information, the Court must, therefore, conclude that Plaintiffs have stated a claim upon which relief can be granted. The face of Plaintiffs' First Amended Complaint pleads adequate facts to allege Defendants violated 42 U.S.C. § 1396a(a)(8)'s reasonable promptness requirement, as defined by 42 C.F.R. § 435.912 as forty-five days. The facts pled by Plaintiffs do not support the application of the exception outlined in 42 C.F.R. § 435.912(e)(1) for situations in which applicants fail

6

to supply required information because Plaintiffs have pled that they complied with all requests for information. Thus, at this stage, Plaintiffs have stated a claim.

  B. **The Court cannot dismiss Plaintiffs' requests for relief.**

The Court next addresses Defendants' arguments addressed at the relief sought by Plaintiffs. Defendants assert that, because "a State is not subject to money damages pursuant to 42 U.S.C. § 1983[,]" the Court must dismiss Plaintiffs' prayer for money damages. [Doc. No. 19 at 12].

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiffs allege Defendants in their official capacities violated 42 U.S.C. § 1396a(a)(8), as outlined above. [Doc. No. 11 ¶¶ 51–60]. The Eleventh Amendment bars suits brought against state officials in their official capacities. *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) ("[W]hen a suit is brought against state officials in their official capacities, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment."). This includes suits for monetary damages. *See Reames v. Okla. ex rel. Okla. Health Care Auth.*, 411 F.3d 1164, 1167 (10th Cir. 2005) ("[The Eleventh] Amendment precludes not only actions in which the state is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury."). But the Supreme Court has recognized that "a suit against a state official in his or her official capacity seeking

prospective injunctive relief is not considered a suit against the state for Eleventh Amendment purposes." *Branson Sch. Dist. RE-82*, 161 F.3d at 631 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989)).

A motion under Rule 12(b)(6), however, is not the appropriate vehicle to challenge requested remedies. Here, Defendants seek to dismiss relief requested. The Court's task upon a Rule 12(b)(6) motion is to determine whether the plaintiff has stated *a claim* upon which relief can be granted, not to determine if they are entitled to the relief requested. As the Tenth Circuit has explained, "'the prayer for relief is no part of the cause of action and . . . the parties are entitled to such relief and to such judgment as the complaint . . . makes out.'" *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) (alterations in original) (quoting *Daniels v. Thomas*, 225 F.2d 795, 797 n.5 (10th Cir. 1955)). Eleventh Amendment immunity does not completely bar Plaintiffs' claim because they seek prospective injunctive relief. *See Branson Sch. Dist. RE-82*, 161 F.3d at 631. The Court, therefore, cannot dismiss Plaintiffs' allegations of damages.[5]

---

[5] It is not entirely clear to the Court that Defendants have framed the relief sought by Plaintiffs correctly when the First Amended Complaint is viewed in its entirety. While Plaintiffs use the words "money damages" in the opening paragraph of their complaint, that relief is not sought in the remainder of the allegations. The only other mention of "damages" that the Court finds is in paragraph 60, where Plaintiffs allege they "have sustained injuries and damages." [Doc. No. 11 ¶ 60]. Nonetheless, the Court notes, if Plaintiffs are not entitled as a matter of law to certain relief requested, then Plaintiffs and their counsel should not be pursuing that type of relief. *See* Fed. R. Civ. P. 11(b); *see also Edelman v. Jordan*, 415 U.S. 651, 664–68 (1974) (explaining that where state officials were administering a federal program in a manner inconsistent with federal regulations and the Fourteenth Amendment, the Eleventh Amendment barred the retroactive payment of statutory benefits found to have been wrongfully withheld).

Similarly, the Court cannot dismiss Plaintiffs' request for a preliminary injunction. Although Plaintiffs present their request for injunctive relief as a separate claim in their First Amended Complaint, the basis for that injunctive relief is Defendants' alleged violation of 42 U.S.C. § 1396a(a)(8). [*See* Doc. No. 11 ¶¶ 61–68]. The Court, accordingly, construes this as relief requested rather than as a separate cause of action. *See Romstad v. City of Colo. Springs*, 650 F. App'x 576, 585 n.7 (10th Cir. 2016) (unpublished) ("An injunction is not an independent cause of action; it is a 'remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.'") (quoting *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005)). A motion to dismiss is not the appropriate procedural vehicle through which to weigh the sufficiency of Plaintiffs' request for a preliminary injunction. *See, e.g.*, *Reininger v. Oklahoma*, 292 F. Supp. 3d 1254, 1266 (W.D. Okla. 2017) (declining to consider whether the plaintiff was entitled to injunctive relief upon a motion to dismiss and summarizing Tenth Circuit case law holding that "a motion to dismiss is not a proper vehicle for addressing a prayer for relief").

### IV. **CONCLUSION**

For the reasons outlined above, the Court DENIES Defendants' Motion. Defendants' answers are due in fourteen days. *See* Fed. R. Civ. P. 12(a)(4).

In Defendants' Motion, they state that, since the filing of this suit, Doris Jenlink received Medicaid coverage, thus the Court should dismiss her claim as moot. [Doc. No. 19 at 8]. Plaintiffs do not dispute that she has received coverage but do not respond to

9

Defendants' assertion regarding the mootness of her claim. [*See* Doc. No. 22 at 15–16]. The Court ORDERS Plaintiffs to show cause why Doris Jenlink's claims are not moot within fourteen (14) days of the entry of this order. If Plaintiffs are unable to show cause, Plaintiffs may voluntarily dismiss Doris Jenlink's claim without prejudice in compliance with Federal Rule of Civil Procedure 41. In the absence of a showing or other filing by Plaintiffs, the Court will dismiss Jenlink as a plaintiff in this action as a sanction for her failure to comply with the Court's order.

    IT IS SO ORDERED this 11th day of September 2025.

                                            JODI W. DISHMAN
                                            UNITED STATES DISTRICT JUDGE